## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 ANNUITY FUND, PLUMBERS AND PIPEFITTERS LOCAL NO. 74 HEALTH AND WELFARE TRUST FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 PENSION FUND (formerly THE PIPEFITTERS LOCAL UNION NO. 80 AND EMPLOYERS JOINT PENSION TRUST FUND) AND SCHOLARSHIP FUND OF THE PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 c/o Gem Group Brandywine Corporate Center 650 Naamans Road, Suite 303 Claymont, DE 19703 <br><br> and <br><br> PLUMBERS AND PIPEFITTERS LOCAL NO. 74 APPRENTICESHIP FUND, PIPEFITTERS LOCAL UNION NO. 74 EDUCATIONAL/PAC FUND, AND LOCAL UNION NO. 74 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO (formerly Pipefitters Local No. 80) 3200 Old Capital Trial Wilmington, DE 19808 <br>           Plaintiffs, <br><br> v. <br><br> TRI – STATE TECHNOLOGIES, INC. 300 Carson Drive Bear, DE 19701 <br>           Defendant. | CIVIL ACTION <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> C.A. NO. |

179922.1

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a) or 1132(e)(2).

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. §185(a) or 1132(e)(2).

## PARTIES

4. Plaintiffs, Plumbers and Pipefitters Local Union No. 74 Annuity Fund, Plumbers and Pipefitters Local No. 74 Health and Welfare Trust Fund, Plumbers and Pipefitters Local Union No. 74 Pension Fund (formerly, The Pipefitters Local Union No. 80 and Employers Joint Pension Trust), Scholarship Fund of the Plumbers and Pipefitters Local Union No. 74 and Plumbers and Pipefitters Local No. 74 Apprenticeship Fund (respectively, "Annuity Fund," "Welfare Fund," "Pension Fund," "Scholarship Fund" and "Apprenticeship Fund" and, jointly, "Funds"), are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37),(1),(2) and (3). The Funds are administered from offices located at the address(es) listed in the caption.

5. Plaintiff, Pipefitters Local No. 74 Educational/PAC Fund ("PAC"), is an unincorporated association established pursuant to 2 U.S.C. §431 *et seq.* for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAC

is administered from offices located at the address in the caption.

6. Plaintiff, Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (formerly Pipefitters Local No. 80) ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Tri – State Technologies, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union maintains its principal place of business at the address listed in the caption.

7. Defendant, Tri-State Technologies Inc.("Company"), is a Delaware corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§1152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

8. At all times relevant to this action, the Company was party to a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

9. The Company also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

10. Under the Labor Contract or Trust Agreements, the Company agreed:

    (a) To make full and timely payments on a monthly basis to the Funds, Union and PAC as required by the Labor Contracts;

    (b) To file monthly remittance reports with the Funds, Union and PAC

detailing all employees or work for which contributions and work dues were required on the Labor Contract.

(c) To produce, upon request by the Funds, Union and PAC, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds, Union and PAC; and

(d) To pay liquidated damages and costs of litigation, including attorneys' fees, expended by the Funds, Union and PAC to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I - AMOUNTS DUE UNDER CONTRACT - SUM CERTAIN

### FUNDS, UNION AND PAC

v.

### COMPANY

11. The allegations of Paragraph 1 through 10 are incorporated by reference as if fully restated.

12. On information and belief, the Company owes the Funds, Union and PAC the sum of at least $101,047.57 in outstanding contributions as detailed on Exhibit 1.

13. Despite request(s) for payment, the Company has not paid the Funds, Union and PAC as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Funds, Union and PAC individually for at least $101,047.57 plus any amounts which become due during the pendency of this lawsuit or as a result of an audit of Company's records together with interest, liquidated

179922-1                                                    4

damages and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - AMOUNTS DUE UNDER ERISA - SUM CERTAIN

### FUNDS

### v.

### COMPANY

14. The allegations of Paragraph 1 through 10 are incorporated by reference as if fully restated.

15. On information and belief, the Company has failed to timely pay contributions to the Funds in violation of 29 U.S.C. §1145 in at least the sum of $101,047.57 as detailed on Exhibit 1.

16. The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** the Funds ask that the Court:

(1) Enter judgment against the Company and in favor of the Funds, individually, for $101,047.57 plus any amounts which become due during the pendency of this lawsuit or as a result of an audit of Company's records together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment as provided in the Trust Agreements and applicable law.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## FUNDS, UNION AND PAC

## v.

## COMPANY

17. The allegations of Paragraphs 1 through 10 are incorporated by reference as if fully restated.

18. The Funds, Union and PAC are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

19. Computation of the precise amounts of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually required remittance reports submitted by the employer.

20. There has been no audit of the Company's books and records.

21. The Company is required by the Labor Contract, Trust Agreements or applicable law to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

22. The Plaintiffs have no adequate remedy at law for the calculation of any additional damages suffered as a result of the breach itself requires an audit.

23. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### FUNDS, UNION AND PAC

### v.

### COMPANY

24. The allegations of Paragraphs 1 through 10 and 18 through 23 are incorporated by reference as if fully restated.

25. On information and belief, the Company has failed to make contributions and work dues payments to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statue of limitations or similar bar.

26. On information and belief, the Plaintiffs have been damaged by the failure of the Company to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions and work dues found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### FUNDS

### v.

### COMPANY

27. The allegations of Paragraphs 1 through 10 and 18 through 23 are incorporated by reference as if fully restated.

28. On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by any applicable statue of limitations or similar bar.

29. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Company.

30. On information and belief, the Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** the Funds ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and

costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(2) Grant such or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

## FUNDS

## v.

## COMPANY

31. The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32. A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies.

33. Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to company's employees and employees of other employers who fully and timely pay their contributory obligations.

34. All other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Funds ask that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Company is contractually-required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

FERRY, JOSEPH & PEARCE, P.A.

BY: /s/Rick S. Miller
RICK S. MILLER, ESQUIRE (#3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899-1351
(302) 575-1555

SANFORD G. ROSENTHAL, ESQUIRE
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106-3683
(215) 351-0611

Attorneys for Plaintiffs

Dated: February 20, 2007

(REV. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS Plumbers and Pipefitters Local Union No. 74 Annuity Fund, Health and Welfare Trust Fund, Pension Fund, Apprenticeship Fund, Educational/PAC Fund and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO. | DEFENDANTS Tri-State Technologies, Inc., a Delaware corporation. |
|---|---|
| b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  N/A (EXCEPT IN U.S. PLAINTIFF CASES) | |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Rick S. Miller (#3418) FERRY JOSEPH & PEARCE, P.A. 824 Market Street, Suite 904 P.O. Box 1351 Wilmington, DE 19899-1351 (302)575-1555 | ATTORNEYS (IF KNOWN) |

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES |
|---|---|
| 9 1 U.S. Government            X 3 Federal Question 9 2 U.S. Government           9 4 Diversity    Defendent                 (Indicated Citizenship of                              Parties in Item III) | N/A |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

29 USC §1002 et seq.; Amounts Due under ERISA and Contract Law

**V. NATURE OF SUIT**  (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| 9 110 Insurance 9 120 Manne 9 130 Miller Act 9 140 Negotiable Instrument 9 150 Recovery of Overpayment     & Enforcement of     Judgment 9 151 Midicare Act 9 152 Recovery of Defaulted     Student Loans     (Excl. Veterans) 9 160 Stockholders Suits 9 190 Other Contract 9 195 Contract Product Liability | **PERSONAL INJURY** 9 310 Airplane 9 315 Airplane Product     Liability 9 320 Assault, Libel &     Slander 9 330 Federal Employers'     Liability 9 340 Manne 9 345 Manne Product     Liability 9 350 Motor Vehicle 9 355 Motor Vehicle Product     Liability | **PERSONAL INJURY** 9 362 Personal Injury--     Med Malpractice 9 365 Personal Injury --     Product Liability 9 368 Asbestos Personal     Injury Product     Liability **PERSONAL PROPERTY** 9 370 Other Fraud 9 371 Truth in Lending 9 380 Other Personal     Property Damage 9 385 Property Damage     Property Liability | 9 610 Agriculture 9 620 Other Food & Drug 9 625 Drug Related Seizure     of Property 21 USC 881 9 630 Liquor Laws 9 640 R.R. & Truck 9 650 Airline Regs 9 660 Occupational     Safety/Health 9 690 Other **LABOR** 9 710 Fair Labor Standards     Act 9 720 Labor/Mgmt. Relations 9 730 Labor/Mgmt. Reporting     & Disclosure Act 9 740 Railway Labor Act 9 790 Other Labor Litigation X 791 Empl. Ret. Inc. Security Act | 9 422 Appeal         28 USC 158 9 423 Withdrawal         28 USC 157 **PROPERTY RIGHTS** 9 820 Copyrights    830 Patent 9 840 Trademark **SOCIAL SECURITY** 9 861 HIA (1395ff) 9 862 Black Lung (923) 9 863 DIWC/DIWW (405(g)) 9 864 SSID Title XVI 9 865 RSI (405(g)) **FEDERAL TAX SUITS** 9 870 Taxes (U.S. Plaintiff   or     Defendant) 9 871 IRS -- Third Party 26     USC 7609 | 9 422 State Reapportionment 9 410 Antitrust 9 430 Banks and Banking 9 450 Commerce/ICC Rates/etc. 9 460 Deportation 9 470 Racketeer Influenced and     Corrupt Organizations 9 810 Selective Service 9 850 Securities/Commodities/     Exchange 9 875 Customer Challenge     12 USC 3410 9 891 Agricultural Acts 9 892 Economic Stabilization 9 893 Environmental Matters 9 894 Energy Allocation Act 9 895 Freedom of Information Act 9  900  Appeal  of  Fee Determination     Under Equal Access to     Justice 9 950 Constitutionality of State     Statues 9 Other Statutory Actions |
| **REAL PROPERTY** 9 210 Land Condemnation 9 220 Foreclosure 9 230 Rent Lease & Equipment 9 240 Torts to Land 9 245 Tort Product Liability 9 290 All Other Real Property | **CIVIL RIGHTS** 9 441 Voting 9 442 Employment 9 443 Housing/     Accommodations 9 444 Welfare 9 440 Other Civil Rights | **PRISONER PETITIONS** 9 510 Motions to Vacate     Sentence Habeas Corpus: 9 530     General 9 535     Death Penalty 9 540 Mandamus & Other 9 550 Civil Right | | | |

| VI. ORIGIN | (PLACE AN x IN ONE BOX ONLY) | | | | Appeal to District |
|---|---|---|---|---|---|
| | | | Transferred from | | 9 7 Judge from |
| X 1 Original     Proceeding | 9 2 Removed from     State Court | 9 3 Remanded from     Appellate Court | 9 4 Reinstated or     Reopened | 9 5 another district     (specify) | 9 6 Multidistrict     Litigation | Magistrate     Judgment |

| VII. REQUESTED IN    COMPLAINT: | CHECK IF THIS IS A  CLASS ACTION  ___ 9  UNDER F.R.C.P 23 | DEMAND $ N/A | Check  YES only if demanded in complaint: **JURY DEMAND:** 9 YES    X NO |
|---|---|---|---|

| VIII. RELATED CASE(S)    IF ANY | (See instructions) N/A | | |
|---|---|---|---|

| DATE   February 20, 2007 | SIGNATURE OF ATTORNEY OF RECORD  /s/Rick S. Miller (#3418) |
|---|---|

UNITED STATES DISTRICT COURT

COVER.USD

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____07-94_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

___2/20/2007___
(Date forms issued)

___[signature]___
(Signature of Party or their Representative)

___Diane R. Sacconey___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action