IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 ANNUITY FUND, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| TRI-STATE TECHNOLOGIES, INC. | : | |
| Defendant | : | NO. 07-CV-94 (JJF) |

**STIPULATION AND ORDER
OF JUDGMENT**

Plaintiffs, Plumbers and Pipefitters Local Union No. 74 Annuity Fund, Plumbers and Pipefitters Local No. 74 Health and Welfare Trust Fund, Plumbers and Pipefitters Local Union No. 74 Pension Fund (formerly the Pipefitters Local Union No. 80 Employers Joint Pension Trust Fund), Plumbers and Pipefitters Local No. 74 Apprenticeship Fund, Pipefitters Local Union No. 74 Educational/PAC Fund, (respectively, "Annuity Fund", "Welfare Fund", "Pension Fund", "Apprenticeship Fund", "Education/PAC Fund", and, collectively, "Funds"), and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union" and together with Funds, "Plaintiffs"), and Defendant, Tri-State Technologies, Inc. ("Defendant" or "Company"), hereby stipulate to the following terms to be entered as an Order of Judgment of the Court:

1. Judgment is entered against Defendant and in favor of Plaintiffs in the total amount of $156,895.60 as itemized as follows:

   (a) Unpaid contributions in the amount of $138,943.14 under 29 U.S.C. §1132(g)(2) and 185(a) for the period July 2006 through January 2007.

   (b) Interest on the unpaid contributions set out in ¶1(a) above through June 30, 2007 in the amount of $10,164.81.

(c) Attorneys' fees and costs by Jennings Sigmond, P.C. in the amount of $4,262.65 incurred through June 21, 2007 pursuant to 29 U.S.C. §1132(g)(2)(D).

(d) Attorneys' fees and costs by Ferry, Joseph & Pearce, P.A. in the amount of $3,525.00 incurred through June 21, 2007 pursuant to 29 U.S.C. §1132(g)(2)(D).

2. Execution on the foregoing Judgment is hereby STAYED pending the following:

(a) Payment by the defendant of $10,000.00 on or before July 31, 2007, and $10,000.00 on or before August 31, 2007.

(b) Payment of the balance, including interest, in twenty-four (24) equal monthly payments of $6,834.39 each, due on the 1st of each month, with the first payment due on or before October 1, 2007.

(c) The defendant must stay current on all on-going and future obligations to the plaintiffs.

(d) The defendant must comply with all other terms and conditions of this Stipulation and Order of Judgment.

If Defendant defaults on any of the foregoing conditions, Plaintiffs may immediately initiate execution proceedings without obtaining leave of Court. At any time, in their sole discretion, Plaintiffs may transfer this Judgment to the Superior Court of the State of Delaware, or such other venue as the Plaintiffs deem appropriate without violating this stay, and without obtaining leave of Court.

3. As security for the foregoing, Defendant shall provide Plaintiffs with a blanket security interest on all assets and shall cooperate with the Plaintiffs in executing such documentation that is reasonably necessary to validate such lien.

4. As further security for the foregoing, as soon as practicable, Defendant shall provide Plaintiffs with a payment bond, with surety, in the largest amount (not to exceed $250,000) as Defendant is able to obtain based on its employed manpower.

5. It is further agreed and ORDERED that Defendant, its owners, officers, agents, servant, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under the collective bargaining agreement(s).

6. It is further agreed and ORDERED that the Funds shall have the right to conduct an audit of Company's books and records for all relevant periods, including the time period from July 2006 through the date of the audit. Company, its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Company, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Funds and shall produce all books and records requested by the auditor and/or the Trustees of the Funds, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Funds. Company shall pay to the Funds the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Funds, ERISA and applicable law.

7. The parties understand and acknowledge that as part of the compromise of this matter, the Plaintiffs have agreed to waive liquidated damages allowable under ERISA in the amount of $11,138.41. If the Defendant defaults on any of the provisions of this Stipulation, this sum shall be reinstated and added to the principal amount due hereunder.

8. If further action by Plaintiffs to enforce this judgment is required, Plaintiffs may apply to this Court or to the Court in which enforcement is sought for

    (a) further reasonable attorneys' fees and costs in addition to those set out above, and

182154-1                 3

(b) additional interest on the unpaid contributions set out in ¶1(a) from April 23, 2007 until the date they are paid which interest shall be calculated at the applicable rates under 29 U.S.C. §1132(g)(2)(C)(i) and 26 U.S.C. §6621.

FERRY, JOSEPH & PEARCE, P.A.

_/s/ Rick S. Miller_
Rick S. Miller (#3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555

Dated: 7-19-07

TRI-STATE TECHNOLOGIES, INC.

By: _/s/ Edward U. Mendez_ (Seal)
Ed Mendez, President

Dated: 7-19-07

SO ORDERED this ___ day of _____, 2007.

_____
JOSEPH J. FARNAN JR.,          J.
United States District Court

182154-1                           4